### THE PRESIDENT, DIRECTORS AND COMPANY, OF THE BANK OF COLUMBIA, *against* SOUTHERLAND, impleaded with SOUTHERLAND.

Forms and
practice, on
paying money
into court.
The sum

THE declaration was in assumpsit, on a promissory note, dated *July 2d*, 1820, for $320,02, with interest from date, including, also, the usual money counts. Pleas, the general issue,

paid is to be deemed stricken out of the declaration, and unless a larger sum is proved by the plaintiff, at the trial, verdict should be for the defendant.

But where, in such case, a verdict is taken for the plaintiff, subject to the question of practice, to be settled by this court, that question must be determined on a case made—not as a non-enumerated motion.

and payment, with notice of special matter.  Before pleading, on the *9th March*, 1824, the defendant paid $60 into Court.

ALBANY,
October, 1824.

Bank of Co-
lumbia
v.
Southerland.

The cause was tried at the last *Columbia* Circuit, before WALWORTH, Circuit Judge, when the plaintiff sought to recover upon another note, given by one *Harris*, under the money counts, and evidence was given on both sides touching this claim.

The defendant then gave in evidence the following rule :

" *David Southerland*, impleaded with
 *Ebenezer Southerland*,
    ads.
*The President, Directors & Company
 of the Bank of Columbia.*  In Supreme Court, *March 9th*, 1824.  On motion of *M'Kinstry & Tallmadge*, attorneys for defendant, ordered, that the defendant have leave to bring into Court $60 ; and thereupon, unless the plaintiff shall accept thereof, with costs to be taxed, in full discharge of this action, the said sum of $60 shall be struck out of the declaration, and the said sum shall be paid out of the Court, to the plaintiff or his attorney ; and on the trial of the issue in this cause, the plaintiff shall not be permitted to give evidence for the sum brought into Court.

    (A copy)  *John Keys Paige*, Clk."

Also, the following receipt :

" Received from *M'Kinstry & Tallmadge*, Esqrs. the defendants' attorneys in the above cause, $60, referred to in the above rule, and to be applied or paid agreeable to said rule. *March 9th*, 1824.

     *John Keys Paige*, Clk."

It was admitted, by the counsel for the plaintiff, that the amount paid into Court exceeded the amount due upon the note declared on, at the date of the rule ; and that the rule and receipt for the moneys had been served on the plaintiffs' attorney.

The Judge, having some doubt about the practice of paying money into Court, said he would direct the jury to find their verdict, without regarding the money paid into Court, and reserve all questions of practice for the Supreme Court.

Bank of Co-
lumbia
*v.*
Southerland.

He accordingly directed the jury, that if they were of opin-ion that the defendants were liable for the amount of the *Harris* note, they would find a verdict for the plaintiff for this, together with the defendants' note, both being $182,22; but if they were of opinion that the defendants were not liable for the amount of the *Harris* note, that they would then find a verdict for the plaintiff, for the sum due upon the note of the defendants, amounting to $62,10. The jury found for the plaintiff, to the amount of the latter sum.

*D. B. Tallmadge*, now moved that a judgment be entered for the defendant, upon an affidavit stating the above facts. The motion was noticed as a non-enumerated motion. He cited 1 *Saund.* 33, *n.* (2) ; *Griffeths* v. *Williams*, (1 *T. R.* 710.)

*E. Williams*, contra, objected that the motion should be brought on as an enumerated motion upon a case made.

*Curia.* It is irregular to come in this form. Like all other questions arising on the trial, which relate to the di-rection of the Judge, or points reserved there, it should be brought here upon a case made. But the practice is well settled, upon the facts before us, that, in a case like this, where money may be properly paid into Court, the sum paid in must be considered as stricken out of the declaration. It is a defence, *pro tanto*, and unless the plaintiff proves a sum beyond what is paid, there should be a verdict for the defen-dant. We deny this motion, with costs; but as the form of bringing it forward has been misapprehended, we give the defendants ten days, within which to make a case, and bring the question properly before us.

                                    Rule accordingly.