ALBANY,
October, 1835.

EDDY & HATHAWAY *vs.* O'HARA.

Eddy
v.
O'Hara.

In an action before a justice against *joint debtors* where only one defendant was brought into court, and the note upon which the suit was brought was read in evidence without objection, although only proved to have been made by one of the defendants, *it was held*, on error brought, that the defendant not brought into court could not take advantage of such defect of proof, inasmuch as he could not be prejudiced by the judgment to be rendered against him, he having still the right to contest his *joint liability*.

Where in such a case a *certiorari* is sued out by the plaintiff, and the judgment of the justice is *reversed* by the common pleas, both defendants are liable to the costs of the *certiorari*, if *both* appear and defend in the common pleas.

A plea of *tender* admits the plaintiff's cause of action to the amount of the sum tendered. To render such plea operative, the money must be paid into court.

ERROR from the Cayuga common pleas. O'Hara sued Eddy & Hathaway in a justice's court. The suit was commenced by summons, which was personally served upon Eddy, and by copy upon Hathaway. On the return day of the summons, Eddy alone appeared to defend. The plaintiff declared on a promissory note for $12,62½, purporting to have been made by the defendants and payable to the plaintiff. The note was produced, and on it were two endorsements, one of 68 cents in shoemaking, and the other of $2, damage done by hogs in corn field. Eddy pleaded the general issue and *tender*. The issues were tried by a jury. The plaintiff proved the signature of *Eddy* to the note, but gave no evidence of the making of the note by *Hathaway*, and read the note to the jury. The defendant Eddy then adduced testimony to prove a *tender*. A witness testified, that as the agent of Eddy, he made a tender in specie, of the amount of the note, principal and interest, to O'Hara, who refused to receive the money unless the endorsement on the note in relation to the trespass was ratified; the witness told him he was not authorized to make any arrangement by endorsement or otherwise. O'Hara then told him he might leave as much money as he pleased, but he refused to leave any, unless O'Hara would take off the endorsement on the note. The jury found a verdict for the *defendants*, on which the justice rendered judgment. The common pleas of

Cayuga *reversed* the justice's judgment, on *certiorari* sued out by the *plaintiff* below, and the *defendants* thereupon removed the record into this court by writ of error.

*W. T. Worden,* for plaintiffs in error. The plaintiff below having brought a *joint suit* against the defendants, and not having proved the making of the note declared on by both defendants, *failed in proving a joint liability,* and the jury therefore correctly found a verdict for the defendants. A joint *assumpsit* against two can be supported only by evidence, express or implied, that both assented to it. *Mitchell* v. *Roulson & Stickney,* 2 *Hall's R.* 216. 7 *Wendell,* 216. 10 *Johns. R.* 66. 12 *id.* 434. 4 *Stark. Ev.* 1071. 1 *Esp. R.* 29. The acts of Eddy in or out of court could have no effect upon the liability of Hathaway. The statute authorizing a suit against joint debtors to be proceeded in, although but one defendant be brought into court, does not dispense with the proof of joint liability ; it only regulates the mode of conducting the suit. It is no answer to the objection to the defect of the plaintiff's proof, that it was not urged before the justice, as *Hathaway* was not in court, could not urge it, and for the same reason cannot be considered as having waived it. If upon the testimony adduced by the plaintiff he was not entitled to recover, the verdict of the jury was right, and the judgment of the justice rendered thereupon ought not to have been reversed by the common pleas, although errors were subsequently committed in favor of the defendants. The counsel also insisted, that at all events the common pleas erred in awarding the costs of the certiorari against Hathaway, who had not been brought into court in the suit before the justice ; and in support of this position cited 12 *Johns. R.* 434, and 18 *id.* 459.

*E. Rathbun,* for defendant in error insisted that inasmuch as the note was read to the jury without objection by Eddy, and as Eddy interposed a plea of *tender,* which was a waiver of the plea of the general issue, it cannot now be objected by Hathaway that the note was not sufficiently proved. Hathaway is bound by the acts of Eddy, and no injury can result to him from a judgment against them jointly, as such judg-

ment is only evidence of the extent of the plaintiff's demand, leaving it open to Hathaway to contest his joint liability. 2 *R. S.* 247, § 1, 2, 3.  The judgment affects only their joint property and the separate property of Eddy, whilst the separate property of Hathaway cannot be touched under it. The plea of tender was not supported by proof; but had it been proved by the most satisfactory evidence, it was unavailing, as the money was not paid into court.

*By the Court,* Savage, Ch. J.  It has been often decided in the English courts that the payment of money into court, which should follow a plea of tender, admits that the plaintiff has a right of action.  2 *T. R.* 464.  9 *East,* 326.  6 *id.* 570.  2 *id.* 128.  In this court, also it has been decided that the payment of money into court is an admission of the cause of action alleged in the declaration.  7 *Johns. R.* 315, 18.  The same facts are admitted by the *tender* out of court as are admitted by payment of money into court.

The statute under which these proceedings were had is as follows : "If process shall have issued against two or more persons jointly indebted, and shall have been personally served upon either of the defendants, the defendant who may have been served with process shall answer to the plaintiff ; and the judgment in such case, if rendered in favor of the plaintiff, shall be against all the defendants, in the same manner as if all had been served with the process ; but execution shall issue only in the manner hereinafter directed."  Such judgment shall be conclusive evidence of the liability of the defendant who was personally served with process in the suit, or who appeared therein ; but against every other defendant, it shall be evidence only of the extent of the plaintiff's demand after the liability of such defendant shall have been established by other evidence.  2 *R. S.* 247, § 122, 3.  See substantially the same provisions in 2 *R. S.* 377, § 1, 2, 3, 4.  The revised laws of 1813, and also before that time, authorized the same form of proceeding against *joint debtors,* where all were not brought into court ; but they did not declare what defence might be made by the parties not brought into court in an action upon such judgment.  It was intimated by the court that

ALBANY,
October, 1835.

Eddy
v.
O'Hara.

such defendant might set up any defence in such action which he might have done in the original suit in his individual capacity. 6 *Johns. R.* 99. 10 *id.* 66. *See also* 6 *Cowen*, 696, 7. The legislature by the revised statutes have settled that question, by declaring that the judgment shall be evidence of the extent of the plaintiff's demand, but not of the liability of the defendants not brought into court. We may suppose one reason for that distinction to be, that the defendant brought into court was not interested in contesting the liability of his co-defendants; but the amount of the demand was equally interesting to all of them. That question, therefore, having been settled in a suit where it was properly the point in issue, shall be conclusive upon the other joint debtors; but the question whether joint debtors or not, is not settled by the former judgment. That is a point to be proved by the plaintiff by testimony other than the judgment. This view of the statute relieves this case from all difficulty. Eddy, who appeared in the suit, might have objected, that as the plaintiff had declared upon a joint cause of action, he was bound to prove it: but he might waive that proof, and by his silence he did so; Hathaway cannot object, because individually he cannot be prejudiced by it. If it be said that Hathaway's joint property is liable, and therefore he is interested, the answer is, that a person legally representing that joint property, has waived the proof. So far, therefore, as this point was concerned, the plaintiff was entitled to recover before the justice. Upon the other point in the cause, the question is whether the defendant proved a tender. If a tender be pleaded, the money must be paid into court. *Grah. Pr.* 459. That was not done in this case, and therefore the defence on this ground failed. Besides, upon the evidence, the defendant's agent refused to make the payment unless the plaintiff would strike off a certain endorsement, which seems to have been put there by way of compromising a trespass, as the plaintiff claimed. The plaintiff told the agent to leave as much money as he pleased, but the agent was not authorized to make any settlement unless O'Hara would strike off the endorsement, and accept the whole amount. This, I apprehend, was not such an unqualified offer as was required to constitute a tender.

This point was erroneously decided in the justice's court, and the common pleas correctly reversed the judgment. The judgment, for costs against both was correct, as both appeared upon the certiorari.

Judgment affirmed, single costs.