WILDER and others *vs.* SEELYE.

The indorser of a promissory note, upon paying or offering to pay it to the holder, has a right to insist upon its being delivered to him, as a condition of such payment.

And a tender of the amount due upon the note, before suit brought, is not rendered invalid by being connected with such a condition.

As a general rule a tender must be unconditional.   But negotiable paper is an exception.

A defendant does not, by bringing money into court, waive a tender made before suit brought, which he has pleaded.

In case of a tender before suit, the defendant must plead tender and refusal, with an *uncore prist;* and *it seems* in some cases also *tout temps prist,* and bring the money into court.

THIS was an action of assumpsit to recover the amount of two promissory notes, copies of which were annexed to the declaration; one for $500, dated August 12, 1846, signed by Charles Dewey and payable to the defendant or order, and indorsed by him, payable in three months, at the Bank of Troy. The other note was like it in all respects, except that it was payable in four months. The defendant pleaded the general issue to all except the sum of $259; and as to that, pleaded tender and a refusal to accept the amount tendered; and that he had always been and was still ready to pay that sum; and that he brought the money into court. The plaintiffs denied the tender. The cause was referred, and the referees reported $271,24 due to the plaintiffs. The tender was made on the 18th day of February, 1847. The declaration was specially entitled on the 25th of February, 1847; and on the 25th of March, 1847, the defendant paid the sum of $259 into court under his plea of tender, under an ex parte order of the court to that effect. The referees decided that the note payable in four months had been paid; that $250 had been paid upon the one of three months; and that tender of the further sum of $259 upon it had been proved, which when tendered was sufficient to cover the balance then due thereon, protest, &c.; and that the tender

Wilder *v.* Seelye.

had been kept good until the money was paid into court; and was only defective, because the defendant at the time he made it, insisted, as a condition of payment of the money tendered, that the note should be delivered up to him.

The defendant moved to set aside the report.

*E. H. Rosekrans,* for the defendant.

*J. Pierson,* for the plaintiffs.

*By the Court,* HAND, J. The first and important question in this case is, whether the indorser of a note, upon paying or offering to pay it to the holder, is entitled to insist upon its being delivered to him as a condition of such payment. The referees decided that the tender before suit brought, being upon such condition, was not valid. In this I think they were mistaken. It is well settled that the party liable upon a bill of exchange or promissory note which is negotiable may require its production and delivery, upon paying it. This has been so adjudged in England and in this state, and so are the elementary writers. (*Hansard* v. *Robinson,* 7 *B. & C.* 90. *Smith* v. *Rockwell,* 2 *Hill,* 482. *Rowley* v. *Ball,* 3 *Cowen,* 303. *Chitty on Bills,* 260. *Story on Bills,* §§ 448, 9.) No doubt as a general rule a tender must be unconditional. (*Brooklyn Bank* v. *De Grew,* 23 *Wend.* 342. *Ryder* v. *Townsend,* 7 *D. & R.* 119. 1 *Saund. Rep.* 33 *c, n.* 9. *Griffith* v. *Hodges,* 1 *C. & P.* 419. *Stevens* v. *Harvey,* 3 *Bing.* 304. *Laing* v. *Meader,* 1 *C. & P.* 257. 1 *Chit. Gen. Pr.* 508.) But negotiable paper is an exception. *Hansard* v. *Robinson* was a suit by an indorsee against an acceptor. Ld. Tenterden, Ch. J. said in that case: " The acceptor paying the bill has a right to the possession of the instrument for his own security and as his voucher and discharge, *pro tanto,* in his account with the drawer. If upon an offer of payment, the holder should refuse to deliver up the bill, can it be doubted that the acceptor might retract his offer or retain the money ? And if this be the right of the acceptor ready to pay at the maturity of the bill, must not his right remain the

Wilder *v.* Seelye.

same, if, though not ready at that time, he is ready afterwards; and can his right be varied if the payment is to be made under a compulsory process of law? The foundation of his right, his own security, his voucher and his discharge toward the drawer remain unchanged." And he goes on to say, that in case of a loss of a bill the holder has no right to cast the burden of a defence in an action by another holder upon the acceptor, because he did not pay at the day. And certainly his reasoning applies with greater force to the case of an indorser, who is entitled to be indemnified or reimbursed by the prior parties. (*Story on Bills*, § 449.) And this rule was approved by the supreme court of this state in *Smith* v. *Rockwell*, (*supra*.) Our statute has provided for a lost note. (2 *R. S.* 406, § 76.)

It has been said that, in strictness, a plea of tender is applicable only in cases where the party pleading it has never been guilty of any breach of his contract. (*Ld. Ellenborough in Hume* v. *Peploe*, 8 *East*, 168.) That was a case of indorsee against acceptor, and the defendant pleaded tender of the whole amount due, including interest, several months after the bill became due, and that the defendant had always *from the time of making the tender* been ready to pay. The plaintiff replied a demand and refusal, and the rejoinder admitted the same, but set up the tender afterwards. Lord Ellenborough called upon the defendant's counsel to show any case where an averment of *tout temps prist* was holden not to be necessary in a plea of tender. And there are authorities bearing upon the same point. (1 *Chit. G. Pr.* 508. 1 *Saund. Rep.* 33 *b, n.* 2, *and* 33 *c, n. p. last ed. and cases there cited.* 1 *Sel. N. P.* 140. 2 *Cow. Tr.* 810. *Haldenby* v. *Tuke, Willes,* 632. *Giles* v. *Hart, Salk.* 622. *Whitlock* v. *Squire,* 10 *Mod.* 81.) This perhaps is upon the ground that where a right of action once exists, it can not be discharged in this way.

Lord Ellenborough relies upon *Giles* v. *Hart, (supra.)* That was indebitatus assumpsit and a quantum meruit for goods sold, and a request was laid both as to time and place. The defendant pleaded tender and readiness to pay at all times since. On demurrer the plaintiff had judgment; for on a plea that the de-

fendant has always been ready, the plaintiff must reply a special request and refusal and "so the plaintiff must have his damages." (*Holt's Rep.* 556.)    *Haldenby* v. *Tuke*, (*supra*,) was assumpsit for work and labor; and *Whitlock* v. *Squire*, (*supra*,) was also indebitatus assumpsit for goods sold; and they go upon the ground that damages may be recovered for the first demand and refusal.    And it is said that wherever the debt or duty arises at the time of the contract, and is not discharged by tender and refusal, the party should plead tender and refusal with *uncore prist* and also *tout temps prist*.    (6 *Bac.* 463.)

But this question does not arise here; for as the defendant has averred that he was always ready, and the plaintiffs have taken issue merely upon the tender of the sum of $259, that was the question of fact to be tried by the referees.    (*Sheridan* v. *Smith*, 2 *Hill*, 538.)    And the condition said to have been proved is not a fatal variance.    But if the rule requiring the defendant to plead that he has always been ready to pay, is good law here, in some cases, I doubt whether it applies in a suit by the indorsee against an indorser.    No doubt the indorser may be sued without a special request or demand upon him personally.    But I think he may also plead tender after the note becomes due; especially if he has not upon request refused to pay it.    ( *Walker* v *Barnes*, 5 *Taunt.* 240.    *Seward* v. *Palmer*, 8 *Id.* 277.    *Chitty on Bills*, 433.)

But the plaintiffs insist that by bringing the money into court the defendant waived the former tender; and that as the sum deposited with the clerk on the 25th of March was not enough to cover the demand and costs at that time, the plaintiff may disregard it and take judgment for the whole amount, allowing the sum deposited on the execution.    Such it seems is the practice in this state upon paying money into court after suit.    (*Dakin* v. *Dunning*, 7 *Hill*, 30.)    But in case of a tender before suit the defendant must plead tender and refusal with an *uncore prist*; and it would seem in some cases also *tout temps prist*, and *bring the money into court*.    (6 *Bac.* 464, 5.    *Brown* v. *Ferguson*, 2 *Denio*, 106.    *Brooklyn Bank* v. *De Grew*, 23 *Wend.* 342, 345.    *Ayres* v. *Pease*, 12 *Id.* 393.    *Sheridan* v.

*Smith,* 2 *Hill,* 538. *Eddy* v. *O'Hara,* 14 *Wend.* 221.) And if the defendant plead tender, without bringing the money into court, the plaintiff may sign judgment. (1 *Tidd's Pr.* 507. *Grah. Pr.* 459.)

It was once thought that if the defendant pleaded tender with an *uncore prist,* and the plaintiff refused the money and took issue upon the tender and the verdict was found against him, he had lost the money and had no remedy. (2 *Lee's Dic.* 1309. *Horn* v. *Lewin, Ld. Ray.* 642. 20 *Vin.* 309.) But this is not the rule where the note is for the payment of money. The defendant, as we have seen, must bring the money into court, and the plaintiff is entitled to that at all events. (*Slack* v. *Brown,* 13 *Wend.* 394. *De Grew* v. *Cook,* 1 *B. & P.* 332. *Wood* v. *Perry,* 1 *Barb. S. C. Rep.* 129. 2 *Kent,* 508. *Gra. Pr.* 459. *Cox* v. *Robinson,* 2 *Str.* 1027.) It follows that the defendant in this case in bringing the money into court only did what was necessary to consummate his defence of tender, and did not waive that defence by so doing.

The report must be set aside and the case sent back to the same referees; the costs to abide the event.

Report set aside.

