## LOGUE v. GILLICK.

Where the defendant pleads a tender before suit, and with his plea brings the amount into court, and the plaintiff fails to establish a claim to a greater amount than the sum tendered, the judgment should be for the defendant ; but the plaintiff, although liable for costs, is entitled to the amount paid into court.

An ordinance of the corporation of the city of New York can be proved only by a copy certified by the clerk under the seal of the city, or by reading it from the volume of the ordinances published by the common council.

A material fact should be certified in the return of a justice, and it is not proper to add it thereto in the form of a mere postscript or memorandum.

The court has no power to relieve the party against whom a decision is made on appeal from the payment of costs.

APPEAL from one of the district courts, where the plaintiff sought to recover cartage. The defendant pleaded a tender of a sum less than the claim, paid such sum into court, and produced testimony fixing it as the value of the services. The plaintiff offered to show the legal rates of cartage by a pamphlet copy of some of the city ordinances. This offer was rejected in the court below ; and the tender being admitted, the defendant had judgment upon his plea.

*Clinton Harring*, for the appellant.

*T. B. Barnaby*, for the respondent.

BY THE COURT. INGRAHAM, FIRST J.—If the real object of the plaintiff on this appeal, was to settle the amount he was entitled to charge for cartage of part of a load, it cannot be attained in this case. The plaintiff has not proven what the rates of cartage are as fixed by law, and the only evidence the justice had before him on the question of value, was that of the defendant's witness, who stated the value of the service rendered to be the sum tendered.

In the amended return, the justice states that the plaintiff

Logue v. Gillick.

offered to read from a pamphlet, what the rates of cartage were, which evidence was excluded upon the ground that the pamphlet was no evidence. In this he was clearly right. There are two ways of proving an ordinance of the corporation—one by a copy of the ordinance certified by the clerk under the seal of the city, and the other by reading it from the volume of the ordinances published by the common council. (Laws relating to N. Y. p. 565.)

There being no evidence of the rate fixed by law before the justice, he had nothing before him by which to decide on the amount of the plaintiff's claim, except the evidence of value furnished by the defendant. The plaintiff offered none, and the defendant proved that the amount tendered was the usual and customary price. The justice could not, under that testimony, adopt any other amount as the value of the service rendered.

The defendant pleaded a tender and payment of the money into court. No evidence of either fact was offered on the trial. Both facts should have been proved, in order that the defendant might make his plea available. If the payment was made to the justice at the time of pleading, he should so certify in his return, and we were at first disposed to reverse the judgment on this account, and overlook entirely an addition to the return, which is made, apparently, as a postscript, being marked with the letters, P. S. This is not a proper way to return testimony upon which the decision of a case rests; and when parties submit their cases on returns made up in such a manner that it is almost impossible to find what the facts are, they must not be surprised if the judgments are reversed or the appeals dismissed.

It appears, from this memorandum at the end of the return, that the tender before suit was admitted, and in stating what the answer was, it is added, tender in court. Although it is by no means easy to ascertain what the justice meant to return by these statements, yet, from the arguments, we conclude, that on the trial, those facts of tender and payment into court were

conceded, and the question then arose whether the judgment for the defendant was proper.

The evidence establishes, that the plaintiff is entitled to recover from the defendant upon the issue as to the value, and that the defendant, before suit was brought, tendered the amount to the plaintiff, and paid the amount into court.

Where the plaintiff does not accept the amount so paid into court, but goes on for the purpose of recovering a larger sum, unless he succeeds, he is liable for costs; but the money so paid into court belongs to the plaintiff, and may be taken by him. The finding of the justice shows, that he only considered the plaintiff entitled to the sum tendered, and as that amount has been paid into court for him, and as he is not entitled to recover anything beyond it, the judgment for the defendant was proper, and should be affirmed. (3 Cow. 336; Impey's Pr. 328, 330; 1 Chitty's Prac. 509.)

In affirming this judgment, we are compelled by statute to award costs to the respondent, although the amount appears large in comparison with the sum in controversy. It is to be regretted that parties will, for so trifling an amount, involve themselves in an expensive litigation; but if they expose themselves to the consequences of such a course, the court have no power to relieve the losing party from payment of the costs.

Judgment affirmed, with costs.