## BRUSH *a.* KOHN.

*New York Superior Court; At Chambers, January,* 1862.

REVIEWING MISDIRECTION OF JUDGE AT TRIAL.—MOTION TO COR-
RECT VERDICT.

A motion to correct a verdict, on the ground of a misdirection of the judge, must
be founded on a case made.

Where a plea of tender was interposed, and money paid into court, and the jury
found the tender sufficient; and, under instructions from the court, rendered a
verdict for the plaintiff for the amount paid into court;—*Held,* that a motion to
correct the verdict, and to enter judgment for the defendant, could be heard
only on a case made.

Motion to correct a verdict.

The defendant alleged, in his answer, a tender before suit.
With his answer he brought the amount tendered into court.
The action was on a parol demise, which the plaintiff averred
terminated on the first of May. This was denied by the de-
fendant, who alleged that the demise terminated on the first of
January. The judge directed the jury, that if they found the
demise terminated as the plaintiff claimed, he was entitled to a
verdict for the rent up to the first of May, some $500; but if
they should find the demise ended on the first of January, their
verdict should be for the plaintiff for the rent due on that day,
being the amount tendered and paid into court. The verdict
was for the plaintiff for the amount paid into court. The
defendant now contended that the latter direction of the judge
was erroneous; and that he should have directed the jury, if
they found that the demise terminated on the first of January,
and the rent to that time amounted to no more than the sum
tendered and paid into court, their verdict should have been
for the defendant.

*I. T. Williams,* for the motion.

*J. M. Van Cott,* opposed.

MONELL, J.—So well satisfied am I that I have not the power on this motion to correct the verdict in this case, that I have not deemed it necessary to examine the question of the alleged error in the direction of the judge.

Under the practice before the Code, where a verdict was for the plaintiff which should have been for the defendant, the remedy of the defendant was by a motion in arrest of judgment. (Bellows a. Shannon, 2 *Hill*, 86.) He could not move for judgment *non obstante veredicto*. (Smith a. Smith, 4 *Wend.*, 468.) The plaintiff only was allowed to make such a motion.

The motion in arrest of judgment was an enumerated and not a non-enumerated motion (Schermerhorn a. Schermerhorn, 5 *Wend.*, 513), and hence could only be brought on on a case. (Belden a. Davies, 2 *Hall*, 433.) In Bank of Columbia a. Southerland (3 *Cow.*, 336), to which I was referred by the defendant's counsel, the motion was that judgment be entered for the defendant. There was a tender, money paid into court, and a verdict for the amount for the plaintiff. The court say: "It is irregular to come in this form. Like all other questions arising on the trial, which relate to the direction of the judge, or points reserved there, it should be brought here on a case made." Time was given to make a case.

So far from the practice being changed in this respect by the Code, it is now expressly provided, that errors occurring on the trial can be reviewed only on a case or exceptions; and, unless directed to be heard in the first instance at the general term, must be brought on at a special term. (*Code*, §§ 264, 265.) Such errors, reviewable only on a case, include a misdirection of the judge. (Alston a. Jones, 17 *Barb.*, 276; Storey a. Brennan, 15 *N. Y.*, 524.) And whether such misdirection be mere error in submitting questions to the jury upon which the law is too well settled to admit of doubt, or grave questions on which the law is unsettled, does not, in my judgment, change the practice or enlarge the power of the court.

The motion must be denied, but without costs.