DETERMINED IN THE

# FIRST DEPARTMENT,

AT

## GENERAL TERM,

### June, 1882.

---

### FREDERICK CASS, Respondent, v. SAMUEL B. HIGENBOTAM, Appellant.

*Tender — requisites of — Pledge — when a refusal of the pledgee to deliver up the property does not constitute a conversion of it.*

In this action, brought upon a promissory note, the defendant set up as a defense a tender of the amount due upon the note with interest and costs, made after the commencement of the action, and as a counter-claim that certain diamonds had been pledged by the defendant to the plaintiff at the time of making the note; that after the commencement of this action he had made a tender as above set forth, and demanded a return of the diamonds, and that the plaintiff had refused to return the diamonds and had converted them to his own use.

The plaintiff replied, and it appeared, that before the making of the said tender and demand an action had been commenced against the plaintiff by a third person who claimed to be the owner of a portion of the diamonds to recover them, and that the present defendant had been notified of that action and been made a party thereto.

*Held*, that the tender was ineffective as it was not unconditional and as the money was not paid into court.

That the facts showed no conversion of the diamonds by the plaintiff and that the counter-claim could not be sustained.

APPEAL from a judgment, entered upon a verdict directed by the court, and from an order denying a motion for new trial made upon the minutes of the justice before whom the action was tried.

*A. R. Dyett*, for the appellant.

*W. J. Ritch*, for the respondent

DAVIS, P. J.:

This action was brought upon a promissory note. The note was admitted by the answer, but it was alleged, by way of defense, that the amount of the note with interest and costs had been tendered to the plaintiff after suit brought, and by way of counter-claim that certain diamonds had been pledged by the defendant to the plaintiff as collateral to the payment of the note, and that on the 20th of January, 1880, after the action was commenced, the defendant had tendered to the plaintiff the full amount due on the note with interest and costs, and demanded a return of the diamonds; that the plaintiff refused to accept the tender and return the diamonds but had converted them to his own use to the defendant's damage, for which judgment is demanded. The plaintiff replied admitting the making of the pledge, and setting up that before the offer of payment and demand of the return of the diamonds an action had been commenced against him by a third party for a portion of the diamonds, claiming them as her property, and that the defendant in this action was notified of that action and had become a party thereto, and that the plaintiff at the time of the alleged tender had offered to return to the defendant the jewelry for which suit had not been brought upon payment of the note, but defendant had refused to accept such portion and to make payment. These facts were sufficiently proved on the trial, and it was proved that the action brought by the third party for a portion of the diamonds, to which both plaintiff and defendant in this action are parties, is still pending undetermined.

Upon this state of facts the court below directed a verdict for the plaintiff for the amount of the note. So far as the question of tender as a defense is concerned the ruling of the court is undoubtedly correct. No unconditional tender was made, and no money tendered was afterwards paid into court for the purpose of keeping the tender in force in accordance with the provisions of section 732 of the Code of Civil Procedure. A tender to constitute a defense must be unconditional. (*Brooklyn Bank* v. *De Grauw*, 23 Wend.,

342; *Wood* v. *Hitchcock,* 20 id., 47; *Roosevelt* v. *Bull's Head Bank,* 45 Barb., 579.) If accompanied with a demand for a receipt or satisfaction piece, or indeed anything more than the production and delivery of the instrument, payment of which is tendered (see *Wilder* v. *Seelye,* 8 Barb., 408), it is not sufficient as a defense upon the sole ground of tender made.

But in this case the offer of payment was not made for the purpose of a defense on the ground of tender. It was made accompanied with a demand of the return of the diamonds pledged, for the purpose, if the return were not made, of establishing a conversion of the pledge so that a counter-claim of the value of the property converted could be set up and recovered in this action. We think the defense of counter-claim, if properly established, can be interposed in such a case as this, where the action is brought to recover the money, for the payment of which the pledge alleged to have been converted was made as collateral. This could have been done by way of recoupment under the old practice (*Stearns* v *Marsh,* 4 Denio, 227); and it can now be done under the Code by way of counter-claim, because the rights of action spring out of a single transaction.

The only question, therefore, in this case is whether, upon the facts proved, the defendant succeeded in showing such a conversion as gave him a right to counter-claim the damages demanded by his answer. Upon the facts that appeared on the trial we think he failed to show such a conversion. He came in to make his offer and demand some time after the action was commenced. Prior thereto the plaintiff had been sued by another person for a portion of the property pledged. The defendant had pledged the property to plaintiff as his own. The pledge was accompanied, of course, with an implied warranty of title. In the action brought by the third party against the present plaintiff that title was in dispute, and as the defendant in this action was made a party defendant to that, the question of the title was, of course, at issue in that action. Under such a state of facts there was, we think, no conversion by the plaintiff. He offered as it appears, on payment of the note, interest and costs, all the property pledged except that portion for which the action was pending; and this, we think, under the circumstances was all he was bound to do. To deliver the whole

property to the present defendant would have been a conversion as against the other claimant if she could establish that she had title to the portion she had sued for. But as the present defendant as well as the plaintiff was impleaded in the action in which the question of title was to be tried, we think the court below was correct in holding that under such circumstances no such conversion was shown as entitled the defendant to counter-claim the value of the property pledged. He should have received the portion of the property pledged which was offered to be returned, and paid the amount of the note, interest and costs, which would have disposed of the present action. But standing in his position as guarantor of the title to the plaintiff as pledgee, and knowing of the pendency of the action in which he was bound to defend that title, he could not, we think, by a simple demand put the present plaintiff in the position of a wrong-doer in converting the property for which the other action was pending.

As the case was presented to the learned judge at circuit we think his determination was right and that the judgment and order should be affirmed.

Brady, J., concurred.

Present — Davis, P. J., Brady and Ingalls, JJ.

Judgment and order affirmed.