AUGUSTA A. WILSON, APPELLANT, *v.* S. GREGOR DORAN AND EGBERT R. THOMPSON, RESPONDENTS.

*Tender and payment of money into court — effect thereof, as an admission of the title of the plaintiff to the cause of action.*

This action was brought by the plaintiff, as the assignee of Davis & Co., to whom one Wilson had assigned a claim against the defendants. The answer contained a general denial; a statement that Wilson had assigned the cause of action to a general assignee, before assigning it to Davis & Co.; that a tender had been made before the action was brought, which the defendant was ready to pay into court; it also set up a counter-claim for a part of the amount. At the time of the service of the answer the defendant paid the amount of his tender into court, but gave no notice to the plaintiff that he had done so. Upon the trial the court nonsuited the plaintiff on the ground that she had failed to establish her title to the cause of action owing to Wilson's having made a prior assignment thereof, and refused to submit to the jury the question as to whether or not the tender had been made, or as to the amount of damages.

*Held,* that the payment into court was an admission of liability upon the cause of action|alleged, only to the extent of the amount so paid in; that it did not relieve the plaintiff from establishing his cause of action upon which to base a claim for any further or greater sum, nor make the question, as to the recovery of any further sum one simply as to the amount of damages to be recovered.

That the money so paid into court became the money of the plaintiff, and that the defendant could not thereafter, in any event of the action, take it out.

That after the payment into court the only question to be decided was whether the plaintiff had established a cause of action entitling him to more than the amount so paid.

That if the plaintiff failed to establish a cause of action entitling him to more than the amount so paid inio court, the defendant was entitled to a nonsuit or verdict. (BARKER, J., dissenting.)

That the decision of the issue as to whether or not a tender was made could not have benefited the plaintiff as she had not established any right of action against the defendants, the only right she had having arisen from the payment of the money into court by the defendants.

The proper practice to adopt in case of the payment of money into court considered.

Appeal from a judgment in the defendants' favor for costs, entered upon a verdict rendered in the Monroe County Court, and from an order denying the plaintiff's motion for a new trial founded upon the minutes.

The defendants were copartners and brokers, and as such had a transaction with George W. Wilson, upon whicĥ the defendants became indebted to him in the sum of $600. The plaintiff in her complaint set out her title to the cause of action, derived as follows: An assignment by Wilson to Davis & Co., and from them to herself. The answer contained a general denial, and also averred that Wilson had transferred the cause of action to Hiram Davis, as assignee, for the benefit of his creditors, prior to the execution of either of the assignments under which the plaintiff claims title. The answer also set up as a partial defense that before the assignment was made by Wilson, under which the plaintiff claims title, that Wilson became indebted to the defendants in the sum of $410.08, by reason of an over-payment made by them to him, and claimed the same as an offset against the plaintiff's cause of action, and that on settlement with Wilson the balance found due in his favor was the sum of $189.32 and no more. The defendants, also, in bar of a recovery, averred that prior to the commencement of the suit, they tendered to the plaintiff, the said sum of $189.32, and that they have ever since remained and still are ready and willing to pay to the said Wilson or to Davis & Co. or to the plaintiff or to to any person entitled to the same, the said sum of $189.32, but that the plaintiff and the other persons named have refused to receive the same, and that defendant bring the same into court ready to be paid to the plaintiff if she will accept the same. On the day the answer was served, the defendants paid into court the said sum, which was left in the hands of the clerk.

On the trial, evidence was given as to which assignment was first made. On the question as to how much remained unpaid on the original cause of action, and as to whether there was a tender made

of the said sum of $189.32, in due form and to the proper person the evidence was conflicting. After the evidence was all in, at the defendants' request, the court directed a nonsuit, upon the ground that the general assignment preceded the one under which the plaintiff claims title and for that reason the plaintiff had failed to make out a cause of action. To this the plaintiff excepted and asked to go to the jury upon the question of damages, which was refused and the plaintiff again excepted. The costs as taxed and inserted in the judgment were sixty eight dollars and fifty cents.

*J. S. Garlock,* for the appellant.

*John N. Beckley,* for the respondents.

BRADLEY, J.:

I cannot assent to the reasons given by the opinion of brother BARKER for the conclusion by him reached. The answer puts in issue for the purposes of the trial the matters alleged in the complaint in respect to the plaintiff's title to the claim in suit, and if the evidence required the conclusion that the plaintiff had no title the verdict was properly directed for the defendants. The defendants allege a tender before the action was commenced of $189.32. If that was made and the money brought into court the plaintiff was entitled to it notwithstanding the verdict. But that fact would not entitle the plaintiff to a verdict for the amount of it.

At common law, payment of money may when tender has been made before suit, and when no tender has been made, be paid into court. And when so paid into court the money becomes that of the plaintiff, and the defendants cannot, in any event of the action, take it out. (*Murray* v. *Bethune,* 1 Wend., 191; *Malcolm* v. *Fullarton,* 2 Durn. & E., 645, 648.) The payment into court during pendency of an action without tender required a rule to that effect, which was, as matter of course, entered before plea, and after that special leave by order was required. (*Griffiths* v. *Williams,* 1 Durn. & E., 710; *Dunlap* v. *Com. Ins. Co.,* 1 Johns., 149; *Baker* v. *Hunt,* 1 Wend., 103.) And if the plaintiff accepted and took the money he was entitled to costs up to the time of payment into court. But if he proceeded to trial and was finally entitled to no

more than the amount so paid in, he was allowed no costs but was required to pay the defendant's costs subsequent to the payment into court. (*Stevenson* v. *Yorke*, 4 Durn. & E, 10; *Kabell* v. *Hudson*, Id., 11; *Burstall* v. *Horner*, 7 id., 368; *Aikins* v. *Colton*, 3 Wend., 326.)

The payment into court is an admission of liability upon the cause of action alleged to the extent of the amount so paid in. And it is not important for that purpose whether it follows, and is pursuant to a tender before suit or paid in during its pendency without previous tender. Beyond that his liability to pay may be contested. (*Cox* v. *Parry*, 1 Durn. & E., 464; *Long* v. *Greville*, 4 Dowl. & Ry. [K. B.], 632; *Reid* v. *Stenton*, 5 Barn. & Adol., 499; *Meager* v. *Smith*, 4 id., 673; *Spalding* v. *Vandercook*, 2 Wend., 431; *Berdan* v. *Greenwood*, 3 Exch. Div., 251; *Hawkesley* v. *Bradshaw*, 5 Q. B. Div., 302 ) And in either case (whether paid into court pursuant to such tender or after the commencement of the action by virtue of what was known as a common rule entered for the purpose), if the plaintiff fail to establish a right to recover a greater sum than that paid in, the defendant was entitled to nonsuit or verdict. (*Stevenson* v. *Yorke*, 4 Durn. & E., 10; *Burstall* v. *Horner*, 7 id., 368; *Archer* v. *English*, 1 Mann. & Gran., 873; *Aikins* v. *Colton*, 3 Wend., 326; *Murray* v. *Bethune*, 1 id., 191; *Dakin* v. *Dunning*, 7 Hill, 30; *Becker* v. *Boon*, 61 N. Y., 317, 322; *Platner* v. *Lehman*, 26 Hun, 374.)

This proposition is founded upon the reason that the payment into court is payment *pro tanto* of the claim alleged, and so much of it is in practical effect stricken out of the complaint. (*Bank of Columbia* v. *Southerland*, 3 Cow., 336, 338.) In *Kelly* v. *West* (4 J. & S., 304), cited in support of the contention that the plaintiff is entitled to judgment by reason of the tender, the money was not paid into court. And in *Caldwell* v. *Cassidy* (8 Cow., 271) the demurrer to the plea was sustained because it failed to allege sufficient to constitute an effectual tender. Those cases do not aid the plaintiff here. The proposition that a tender does not discharge the debt, cannot be questioned, nor is it a bar to a recovery. The bar depends upon the payment into court and is produced by it. When that is properly done the plaintiff must establish a right to more than was tendered and paid into court, or judgment will go against him. And the

money in court is treated as a payment to him, and is his from the time it is so paid in. It is said that the payment into court is an admission of the cause of action alleged. (*Johnston* v. *Columbia Ins. Co.*, 7 Johns., 315.) But that rule has its qualifications.

It is an admission only as to the amount paid in, except that when the action is upon a special contract it also admits the contract and breach alleged, and the question becomes one of damages only. (*Perren* v. *Monmouthshire Ry. Co.*, 11 C. B., 855; *Kingham* v. *Robins*, 5 Mees. & W., 94; *Yate* v. *Willan*, 2 East, 134; limited by *Clarke* v. *Gray*, 6 East, 564, 571; and see *Huntington* v. *Am. Bank*, 6 Pick., 340.)

Payment into court upon a general count of *indebitatus assumsit*, admits nothing more than liability for the amount so paid in. (*Perren* v. *M. Ry. Co.*, 11 *C. B.*, 855.) The cause of action alleged in the complaint in this action is, in its nature, upon a special contract, pursuant to which stock was purchased and sold by the defendants as brokers, and a sum in excess of that which they were entitled to retain for commissions, etc., produced by the transaction. While the contract, sale and liability may be deemed admitted, the amount for which the defendants were chargeable to the plaintiff upon such liability is not admitted beyond that paid into court. (*Cooper* v. *Blick*, 2 Adol. & E. [new Rep.], 915; *Spalding* v. *Vandercook*, 2 Wend., 431.) The question arises whether the title in the plaintiff to the cause of action beyond that amount, is admitted.

The contract and the breach of it constitute the cause of action in behalf of the party entitled to the proceeds. The plaintiff is not the party to the contract, and her right to recover depends upon a transfer by which title to it was vested in her. The question of her title is distinct from the cause of action, and relates to the plaintiff's right to damages. The effect of the payment into court is an admission that she is entitled to the amount paid in, but nothing more in that respect. Her right to the damages beyond that sum is a question open to contest in the action. And it is not important whether that right is defeated by want of title or for any other cause bearing upon that subject. By the payment into court the defendants admit that a cause of action exists, that the plaintiff is entitled to so much only. And when it appears that she has no title to the cause of action her right to any amount beyond that sum

is defeated. It did appear that the plaintiff had no right to the damages, because the cause of action did not pass to her by the transfer under which she claims, and without the aid of the payment into court, having no right to recover any damages for want of title to the cause of action, the plaintiff cannot by means of that fact support a right against the defendants to a greater sum than that so paid into court.

In *Cox* v. *Parry* (1 Durn. & E., 464) the action was on a policy of insurance made in the name of one Simons, upon which the plaintiff had no right of action, but the defendant having paid a sum into court it was insisted that he thereby had admitted the cause of action in the plaintiff.

The court held otherwise, except as to the sum so paid into court and there said that the defendant " has thereby admitted that the plaintiffs are entitled to maintain their action on the policy *to the amount of that sum*. But he has admitted nothing more. He does not by paying money into court vary the construction and import of the policy so as to entitle the plaintiffs, to recover beyond that extent." So in the case at bar there is no admission that the plaintiff had any right of action upon the contract to which she was not a party except as to the amount paid in and to that extent only. This question of title was tried, and the court below held the plaintiff had none to the cause of action alleged, because Wilson, the party to the contract, had by his general assignment for the benefit of creditors disposed of it before his transfer to Davis & Co., from whom the plaintiff claimed to have derived her title.

What has been said is applicable only to tender and payment into court at common law. The statute has extended the right to make a tender during the pendency of an action, and has regulated the proceedings in such cases. (2 R. S., 553, 554, §§ 20, 23.) And the provisions have been carried into the Code Civil Procedure (§§ 731, 734). The effect of such a tender is that the plaintiff recovers in any event, but if he accept the tender, and the recovery be greater than the amount tendered, the latter sum must be deducted from the recovery, and judgment rendered for the residue only, and the question of costs is governed by the amount of such residue. And, in any event, if the recovery does not exceed the sum tendered, the defendant takes costs. (*Slack* v. *Brown*, 13 Wend., 390, 394.)

The Code has added a provision requiring the payment into court of the money tendered to render it effectual (sec. 732), which will require the practice of deducting the amount so paid in from the judgment recovered, as the plaintiff only, can take it out of court. But my attention is called to no statute which seems to have the effect to abrogate the right and practice at common law of paying into court, pursuant to a rule or order, during the pendency of the action, and without any tender having been made. The reviser's note on the subject does not indicate such purpose. (3 R. S. [2d ed.], 779.) And the court has treated the common-law rule in that respect as remaining, by the application of it since the statute. (*Dakin* v. *Dunning*, 7 Hill, 30.)

In the case at bar the money was paid into court. And it was done to effectuate an alleged tender made before suit. The defendants in their answer allege a tender to the plaintiff's assignors before the assignment of the claim to her, and that " they have ever since remained and still are ready and willing to pay," etc. And " that the defendants now bring the sum of $189.32 into this court ready to be paid to the plaintiff if she will accept the same."

Issue is deemed taken upon this plea of tender. And a question of fact was presented by the evidence, whether the tender was actually made to the plaintiff's assignors.

In the view taken by me of the case, the only right the plaintiff had against the defendants, as appears by the evidence, was that derived from the fact and plea of tender, because it quite clearly appeared upon the trial that before the transfer was made by George W. Wilson to the plaintiff's assignors of the claim in question, he had made his general assignment for the benefit of creditors. And the court below was justified in so holding upon the evidence as matter of law.

The admission furnished by the tender, answer and payment into court gave the plaintiff the right to that amount. And being entitled to recover no more than that it is not clear that the plaintiff can take or derive any benefit from contesting the fact of tender and the proper payment of the amount of it into court. It may be assumed in her behalf upon the answer and payment into court, that the money was tendered and is in court subject to her order. And in view of any right which the plaintiff has, she is not entitled

to costs as against the defendants. The only advantage that a plaintiff can derive from contesting the fact of tender is not to have it in the way of the recovery of costs, but then his right to recover must be supported by evidence other than the admission furnished by the alleged tender. The fact of the tender or payment into court constitutes the admission which entitles the plaintiff to the amount. The plaintiff is therefore in no situation to insist that a new trial should be had upon the question of tender. It certainly would be no advantage to her to succeed upon that issue, because in that event the plaintiff would be entitled to nothing unless she could stand upon the fact of payment into court as pursuant to a rule, although no rule was entered, but in that case, as has been suggested, she could take no recovery or costs. The contention of the plaintiff's counsel that because notice was not given that the money was paid into court, she is entitled to interest on the amount tendered and costs, is not supported. The money was paid into court at the time the answer was made. The right to it arises out of that fact, but no concession results which entitles the plaintiff to any increase of the amount by accumulation of interest. The answer makes *profert in curia* of the money tendered. And the want of a notice that it had been actually paid in was mere matter of practice and of irregularity only, which might be waived, and is waived by receiving the answer without objection in that respect. (*Sheriden* v. *Smith*, 2 Hill, 538; *Platner* v. *Lehman*, 26 Hun, 374.) The payment of the money into court, although not an issuable fact, is necessary to render the tender effectual, and important because otherwise the money is not necessarily within the control of the plaintiff who is entitled to it. (*Eddy* v. *O'Hara*, 14 Wend., 221; *Brown* v. *Ferguson*, 2 Denio, 196; *Wilder* v. *Seelye*, 8 Barb., 408; *Becker* v. *Boon*, 61 N. Y., 317.) But the fact of notice, other than the allegation to the effect that the defendant brings the money into court, is not a substantial requirement of practice, although the plaintiff may treat the omission as irregularity and refuse to accept the answer, and if it contain other matters of defense, notify the defendant that the portion of the answer alleging the tender is not accepted, because of want of such notice.

The better practice in all cases on payment of money into court

is to enter a rule to that effect, which may be done as matter of course, except in the single instance of paying in without tender during the pendency of the action after plea pleaded where the order of a judge is required. By the entry of a rule the authority appears upon the records of the court, and the purpose of the money there also appears.

The conclusion is that the issue of tender has in it no advantage to the plaintiff, and she was in no manner prejudiced by the omission to submit that question to the jury, and that the judgment and order should be affirmed.

SMITH, P. J., and HAIGHT, J., concurred.

BARKER, J. (dissenting):

It may be conceded, in disposing of the plaintiff's motion for a new trial, that from all the evidence it was established as an undisputed fact that the general assignment made by Wilson for the benefit of his creditors preceded in point of time the assignment under which the plaintiff claims title. The plaintiff insists, however, that the cause of action set out in the complaint and her title thereto were not in issue on the trial, and that both those questions of fact were conceded by the defendant by the payment of the money into court, as damages; that by offering proof on her part as to the source of her title, and when the assignments were made, she did not deprive herself of the benefits of the defendants' admissions.

The defendants, by their plea of tender and payment of the sum so alleged to have been tendered into court, impliedly acknowledge the cause of action as described in the complaint, and that the plaintiff is entitled to recover thereon in her own right, and the only question remaining to be determined on the trial was the amount of damages to which the plaintiff was entitled. This rule of practice prevails although the answer contains a general denial of the plaintiff's complaint. The plaintiff was not put to proof for the purpose of establishing a cause of action in her favor, of the nature and character of the one set forth in her pleadings. The act of the defendant in paying the money into court is to be treated as an admission by the defendant that they owe that sum to the plaintiff upon the cause of action as alleged in the complaint.

The defendants contend that by paying the money into court they simply admitted that there was so much due the plaintiff, and its sole effect was to strike so much out of the complaint, and if the plaintiff claims a greater sum in damages she must prove everything to entitle her thereto, precisely in the same manner as if no money had been paid in; that the payment of the money into court was not an admission of the original cause of action as set up in the complaint and that the plaintiff was entitled to recover thereon. This view was taken by the court below, and for that reason the nonsuit was granted.

In *Johnston* v. *Columbian Insurance Company* (7 Johns., 315) the action was on a marine policy as for a total loss. The defendant pleaded the general issue and paid into court a sum of money, under the common rule, upon the whole declaration. It was held that the payment of money into court was an admission of the cause of action as alleged in the declaration.

In *Yate* v. *Willan* (2 East, 128) the action was also founded on a marine policy, and it was there held that the payment of money into court, upon a count stating a special contract, is an admission of such contract and narrows the inquiry on the trial to the quantum of damages sustained by the breach thereof.

In numerous other cases the rule is stated to the same effect, thus, if money be paid into court in an action on a bill of exchange there is no necessity of proving the defendant's handwriting (*Gutteridge* v. *Smith*, 2 H. Black, 374), if, in an action of covenant, the execution of the deed is admitted. (*Randall* v. *Lynch*, 2 Camp., 357.)

It is also conclusive as an admission of the plaintiff's right to sue (*Shippey* v. *Denison*, 5 Esp., 191), and of his right to the character in which he sues (*Lipscombe* v. *Holmes*, 2 Camp., 441; *Randall* v. *Lynch*, Id., 357), and precludes the objection that another should have been joined as plaintiff (*Walker* v. *Rawson*, 1 Moody & Rob., 250; Burrill's Pr. [vol. 1], 407, 408, and cases there cited; Graham's Pr. [2d ed.], pages 537, 538).

The reason assigned for this rule of practice is, that as the defendant only disputes the amount of damages to which the plaintiff is entitled, the plaintiff only comes prepared to prove that his damages are greater than the sum paid into court.

If these views are adopted by my brethern as sound, it is unneces-

sary to consider the form in which the verdict should be rendered, if the plaintiff should fail to establish that her damages were greater than the sum tendered.

As the evidence was conflicting upon the question as to the amount unpaid by the defendants upon their contract with Wilson, the plaintiff's assignor, and whether there was a tender made before suit brought, these questions should have been submitted to the jury for their consideration.

I think the judgment and the order should be reversed, and a new trial granted, with costs to abide event.

Judgment and order affirmed.