Roosevelt *v.* Bull's Head Bank.

---

ROOSEVELT *vs.* THE BULL'S HEAD BANK, and others.

A tender of United States treasury notes in payment of a debt, is sufficient.

A tender should be made irrespective of any other act. If a receipt or satisfaction piece is asked for, it vitiates the tender.

A party who makes a tender is bound to keep the money at all times ready for payment when demanded, and when sued, is bound to bring the money into court.

If, after tender made, the money tendered is used by the debtor in his business, and mingled with his other money, the tender is not valid.

THIS action was brought to foreclose a mortgage. The defense was a tender of the amount due, in United States treasury notes. The question was, whether the plaintiff was entitled to recover the principal and all the interest, or interest only to the time of the tender. The mortgage was executed by Nunns and Clark, the former owners of the premises, to one Jaques, to secure the payment of $5000, and interest,

prior to the passage of the legal tender act, and by him, a few months afterwards, and also before the passage of the act, assigned to the plaintiff.

The mortgage, by its terms, was for part of the purchase money of the lot on which the banking house was subsequently erected. The mortgagors, on the 23d of April, 1857, conveyed the premises, subject to the mortgage, to "The president of the Bull's Head Bank," for the consideration of $7800, of which the $5000 mortgage constituted the principal part, and which the grantee, by express covenant in the conveyance, "agreed to satisfy and discharge." The grantee, as well as the grantors, executed the conveyance, and thereafter, from time to time, for several years, paid the interest on the mortgage. On the 5th of August, a tender was alleged to have been made in United States legal tender treasury notes, and refused ; and it is contended that no interest accrued from that time forward.

It appears that the notes so tendered were, immediately afterwards, mixed by the bank with its other funds, and employed in its banking business ; yielding a profit of from twelve to fifteen per cent per annum. It further appeared that the plaintiff, after the alleged tender, made sundry demands of payment, without effect, before the commencement of the suit.

The defendant, in his answer, alleges "that, simultaneously with said tender, a written satisfaction of said mortgage was presented to said plaintiff, etc., etc.;" and he prays, by way of counter-claim, that the plaintiff may be *compelled* to execute and acknowledge a sufficient satisfaction piece "to discharge the mortgage from the record."

*J. J. Roosevelt,* plaintiff, in person. I. The legal tender act has no application to pre-existing contracts.

II. If it has, it is to that extent, unconstitutional, as essentially impairing vested rights.

III. The alleged tender, being conditional, requiring the "*simultaneous*" execution of a full satisfaction piece, was

of no effect in law. "A tender," says Judge Comstock, in *Kortright* v. *Cady*, (21 *N. Y. Rep.* 343,) "must be unqualified by any conditions." In the case of *Wood* v. *Hitchcock*, (20 *Wend.* 47,) it was held "that the tender of a sum of money, in full discharge of all demands of the creditor, was not good." "There must not be any thing raising the *implication* that the debtor intended to cut off or bar the *claim* for any amount beyond the sum tendered." (*See also The Brooklyn Bank* v. *De Grauw*, 23 *Wend.* 342.)

The answer does not deny—in fact it avers—that the sum stated was tendered to the plaintiff *in payment of the principal and interest in full;* which is further confirmed by the simultaneous demand of a satisfaction piece, previously prepared by the defendant, and simultaneously presented to the plaintiff for his signature. The answer further avers that the plaintiff, "then and there, refused to receive the *said tender.*"

IV. The several demands, made subsequent to the alleged tender, revived the claim to interest, and nullified, in that respect, the effect of the tender, if otherwise good.

V. The defense, as shown by the first answer, proceeded upon the now confessedly erroneous assumption that the tender discharged not only the lien but the *debt.* The first answer, in terms, and under oath, denied that there was due upon the mortgage (after the tender,) "*any sum of money whatever, either for principal or interest*"—a proposition too monstrous for serious argument, and yet indicative of the whole animus of the defense.

VI. The bank, having mixed the subject of the tender with its other funds, is liable, at the option of the plaintiff, either to a fixed rate of profit, called legal interest, or to the actual profit, if ascertainable; being, in this case, between twelve and fifteen per cent per annum. (*Depeyster* v. *Clarkson*, 2 *Wend.* 77. *Schieffelin* v. *Stewart*, 1 *John. Ch. Rep.* 620.)

VII. The bank having set up a counter-claim, admissible

only in equity, should be compelled to do equity, as a condition to the relief prayed for by it.

*B. T. Kissam,* for the defendant.   I. The Court of Appeals, in *Meyer* v. *Roosevelt,* (27 *N. Y. Rep.* 400,) having decided that the laws of congress making United States legal tender notes a legal tender are constitutional, and that debts can be paid with them, *tender and refusal* are *equivalent to payment* in respect to *discharging the lien.* (*Kortright* v. *Cady,* 21 *N. Y. Rep.* 343.)   Not necessary to show a continued readiness to pay, nor to bring the money into court.   (*Id.*)   Tender before foreclosure *removed the lien of the mortgage.* (*Farmers' Fire Ins. and Loan Co.* v. *Edwards,* 26 *Wend.* 541.)

II. The conveyance by Nunns and Clark to the president of the Bull's Head Bank, the acceptance thereof by him, and the agreement on his part to *discharye the mortgage,* is not in any form or manner the contract of the bank, nor is it in any respect obligatory on said bank.   1. The bank is not authorized to make the contract. (*Talmage* v. *Pell,* 3 *Seld.* 328.   *Bank Com.* v. *St. Lawrence Bank, id.* 513, *Halstead* v. *The Mayor, &c. of N. Y.* 3 *Comst.* 430.)   2. If within the powers granted by the act, there was no authority from the directors.   (*Hoyt* v. *Thompson,* 1 *Seld.* 320. *McCullough* v. *Moss,* 5 *Den.* 567.   2 *R. S.* 5th ed. 560, § 194.) 3. The contract is not signed by the cashier.   (2 *R. S.* 5th ed. 560, § 194.   *Arts of Asso. art.* 3, § 1 ;  *Art.* 4, § 2.)   The act of the president was not official, and is inoperative. (*National Bank* v. *Norton,* 1 *Hill,* 572.   *Johnson* v. *Bush,* 3 *Barb. Ch.* 207.)   The contract should run in the name of the corporation, and the officers should have signed as such.   (*Angell & Ames on Corp.* § 293.)   The officers can not use the common seal without the authority of the board of directors. .   (*Hoyt* v. *Thompson,* 1 *Seld.* 320.)   As to tender and demand of satisfaction piece, see *Stoddard* v. *Hart,* (23 *N. Y. Rep.* 556 ;) *Wilder* v. *Seely,* (8 *Barb.* 408 ;)

*Coit* v. *Houston,* (3 *John. Cas.* 250 ;) *Holmes* v. *Holmes,* (9 *N. Y. Rep.* 525.)

INGRAHAM, J. 1. Although my opinion of the constitutionality of the act of congress on this subject, as applicable to contracts made before the passage of the law, remains unchanged, I feel bound, under the decision of the Court of Appeals in *Meyer* v. *Roosevelt,* to decide that a tender in United States notes is sufficient.

2. The evidence of the authority of the president of the bank to make the purchase, and the subsequent acts of the board of directors as to ratifying the sale and accepting the purchase, with the proof that the president had authority to sign for the bank, and affix the seal, is sufficient to hold the bank liable on the covenant in the deed. The general authority to purchase the lot authorized the president to purchase on such terms as he considered for the interest of the bank, and if he thought best, to purchase subject to the mortgage. That was a part of the purchase money they were bound to pay.

3. The tender, when made, was accompanied by a satisfaction piece which the plaintiff was requested to sign. This he was not bound to do. The money should be tendered irrespective of any other act. If a receipt or satisfaction piece is asked for, it vitiates the tender. (*Ryder* v. *Townsend,* 7 *Dowl. & Ryl.* 119. *Wood* v. *Hitchcock,* 20 *Wend.* 47. *Brooklyn Bank* v. *De Grauw,* (23 *id.* 340.) A party may accept the amount tendered, and then bring his action for the balance. (1 *Camp. N. P.* 181.) This he could not do if he signed a satisfaction piece.

4. The conveyance being to the president of the bank, the covenant must of necessity be in the same way; and as the act authorizes the use of the title as president of the bank, the liability arises on the covenant made by him, in the same manner and to the same extent as the property could be so conveyed.

Roosevelt *v.* Bull's Head Bank.

5. It may be doubted whether a tender is good when it appears that the money tendered was afterwards used by the debtor in his own business, and mingled with his other money. He is to keep the money always ready to pay when demanded, and when bills are tendered in payment and not objected to, the same bills should be brought into court. This would not be necessary to discharge a lien, but it might be, to deprive a creditor of interest on his debt. (*Kortright* v. *Cady*, 21 *N. Y. Rep.* 343.) And it would be immaterial whether the tender was made on the day of payment, or subsequently. (*Farmers' Fire Insurance and Loan Co.* v. *Edwards*, 26 *Wend.* 541.)

There is proof in the case that the defendant, after the tender, put the money into the funds of the bank, and used it with the other money of the bank in its ordinary business. This I think not in accordance with the ordinary rules as to tender. A party who makes the tender is bound to keep the money at all times ready for payment when demanded, and when sued is bound to bring the money into court. And the theory upon which the tender of the debt stays the interest is, that the debtor is obliged to keep the money ready to pay on demand. Nelson, Ch. J. in *Brooklyn Bank* v. *De Grauw*, (23 *Wend.* 345,) says: "The defendant must plead that he always has been and still is ready with the money tendered, and it must be in court on the trial."

The stipulation was made after suit brought, and does not affect the question as to the validity of the tender before suit.

The plaintiff is entitled to judgment for the debt, and interest.

[NEW YORK SPECIAL TERM, April 2, 1866. *Ingraham*, Justice.]