## WHEELER v. WHEELER.

### (Supreme Court, General Term, Fifth Department. October, 1888.)

1. SPECIFIC PERFORMANCE — PERFORMANCE BY COMPLAINANT — PAYMENT OF INCUMBRANCES.

A contract for the sale of land provided that the vendee, as a condition of receiving the deed, should pay certain mortgages on the land, and save the vendor harmless. Subsequently it was mutually agreed that the vendee should pay a portion of the mortgage debts, and that the remainder should be paid by a new mortgage on the land given by the vendor. *Held,* that the vendee must pay the mortgage before he is entitled to a decree requiring an heir of the vendor to convey his interest in the land.

2. SAME—CONDITIONAL TENDER—REFUSAL.

Refusal of the heir, who had purchased the mortgage, to accept a tender of the amount due, made on condition that he assign the mortgage to the vendee, is not a waiver of his right to insist that the vendee shall pay the mortgage before receiving his deed.

3. SAME—WITNESS—TRANSACTIONS WITH DECEDENTS.

In an action by the vendee to compel the heir to convey, the burden is on the latter to show that a requirement of the contract of sale, that the vendee shall support the vendor, has not been fulfilled; and though Code Civil Proc. N. Y. § 829, providing that a party to an action shall not be examined as a witness in his own behalf, against a person deriving his title from a deceased person, concerning a personal transaction between the witness and the deceased person, renders the vendee incompetent to testify that he did fulfill the requirement, the admission of such testimony is not reversible error, where there is no contradictory evidence.

Appeal from special term, Yates county.

Action for specific performance of a contract for the sale of land, brought by George C. Wheeler against Horace H. Wheeler. Plaintiff purchased the land from Ephraim Wheeler, his father, and defendant is also a son of said Ephraim Wheeler. Judgment for plaintiff, and defendant appeals. Code Civil Proc. § 829, provides that a party to an action shall not be examined as a witness in his own behalf, against a person deriving his title from a deceased person, concerning a personal transaction between the witness and the deceased person.

Argûed before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.
*William S. Oliver*, for appellant.   *William T. Morris*, for respondent.

BARKER, P. J.   The plaintiff and the defendant are the sons of Ephraim
Wheeler, who died intestate in 1881, the owner of the premises described in
the complaint, containing 43 acres.   In 1875, the deceased, by an instrument
in writing, agreed to sell and convey the said lands to the plaintiff.   The prem-
ises were incumbered by two mortgages, amounting in the aggregate to
$2,034; which the plaintiff agreed to pay and discharge, and save the vendor
harmless therefrom.   On such payment being made, 30 acres of the entire
parcel was to be conveyed to the plaintiff by the warranty deed.   As a further
consideration, the plaintiff was to pay to his father annually $63, called in the
contract "interest money," on the estimated value of the remaining 13 acres,
and also support and maintain his father and mother during their natural
lives, and, on the death of the survivor of them, he was to have the title to
the last-mentioned parcel.   The contract contains some other provisions of
minor importance, which it is unnecessary to mention in disposing of the
question arising on this appeal.   After the contract was executed, and on the
21st day of December, 1877, the deceased, with the consent of the plaintiff,
borrowed $1,600 for the purpose of paying and discharging the said incum-
brances; and, to secure the lender, he executed to him a mortgage on all the
premises, and the money was applied in discharging such incumbrances.   The
contract contained a provision which clearly indicates that funds for the pay-
ment of the existing incumbrances might be raised in this manner, and the
new debt or obligation should be substituted in place of the original indebted-
ness, and be paid by the plaintiff.   The mother of the plaintiff died prior to
the commencement of this action.   The deceased left children and grandchil-
dren, other than parties to this suit, all of whom, except the defendant, have
executed a conveyance of the premises to the plaintiff; the defendant's share,
as heir at law, being one-eighth of his father's estate.   This action is to com-
pel the defendant to execute a conveyance of his title to the premises to the
plaintiff, who claims that he is entitled to the same by the terms of the con-
tract of sale.   The judgment requires the defendant, as one of the heirs at
law of the deceased, to execute, acknowledge, and deliver to the plaintiff a
conveyance of the premises described in the complaint, and contains no other
provision.   The loan of $1,600, secured by the mortgage already mentioned,
remains unpaid.   Before the commencement of this action the mortgagee
commenced an action to foreclose the mortgage, and the plaintiff herein was
made a defendant therein; and on the 7th day of January, 1885, a judgment was
entered in the usual form, and the amount due and unpaid was adjudged to
be $1,741.06, and the costs were taxed at $107.28.   No personal representa-
tives have been appointed to administer the estate of the deceased.   Before
the commencement of this action, the plaintiff paid the cost and interest on
the decree; and it was conceded on the trial that there was due thereon the
sum of $1,772, and that the defendant was the assignee and the owner of the
same, by purchase thereof from the mortgagee.   The defendant contends that
the plaintiff had not performed the agreement on his part, and was not en-
titled to a deed by the terms and conditions of the contract of sale, and that
the incumbrance created by the mortgage last executed remained unpaid,
which the plaintiff had promised to pay and discharge as a condition to his
right to a deed of the premises, and that the judgment should be reversed for
the reason no provision was made for the payment of the decree before or at
the time of the delivery of the deed which he is required to execute.

It is not disputed but that at the time the contract was entered into there
were two mortgages on the property, both made by Ephraim Wheeler, one
for $1,527.62, and the other for $57.24, and that he was personally liable for
the debts secured by the mortgages.   The contract of sale provided, in plain

terms, that the plaintiff, as purchaser, should pay off and discharge these mortgages, and save the vendor harmless therefrom. These mortgages were in fact paid off and discharged; but $1,600 of the money used for that purpose was borrowed by the deceased vendor, who executed a mortgage on the premises to secure the loan, and that mortgage has not yet been paid, and in a foreclosure action a decree has been obtained for a sale of the premises. Is the plaintiff under an obligation to pay off and discharge these mortgages before he is entitled to a deed? It does not appear from the evidence that the deceased became personally liable in any form to the lender to repay the money borrowed, except so far as such liability may exist by the terms of the original agreement. It is to be presumed that the deceased vendor, who was the borrower, became personally liable to pay the debt to the party making the loan, unless the contrary is made to appear. The fact is undisputed that he personally borrowed the money of the mortgagee. The court has not found, as a fact, that the original contract was changed in any of its terms, so as to entitle the plaintiff to a deed, until all the consideration money was paid in full. The agreement on that subject is very clear and distinct, and the provision is as follows: That the vendor binds himself, his heirs and assigns, to give to the vendee a full warranty deed of the 30-acres, when he shall have paid the incumbrance of $2,034.86. The incumbrances here referred to are the two mortgages before mentioned. The plaintiff has never paid the entire debt secured by these mortgages, and the amount mentioned in the decree yet remains unpaid. The new debt and the new mortgage were substituted in the place of the old debts, and with the plaintiff's consent. The trial court has not found any fact inconsistent with these statements, and certainly the evidence would not sustain any finding to the contrary. The finding upon which the plaintiff relies, as exempting him from the obligation as contained in the original agreement, is set forth in the decision as follows: "That after the making of the agreement, and in the life-time of the vendor, by mutual consent and agreement between the parties to the contract, the same was altered, amended, and changed, in this respect: that the mortgage therein referred to was paid off by the plaintiff's paying the sum of $507.24, and the vendor making and executing a new mortgage upon the premises for the sum of $1,600; which said mortgage, it was agreed between the parties to the said contract and agreement, should be continued to run, without being paid off, as long as said plaintiff should require; and that other modifications of said contract were made during the life-time of said Ephraim Wheeler, which said modifications were carried into effect, to the satisfaction of the said Ephraim Wheeler." The concluding clause of this finding is not in terms, nor in effect, a finding that the contract was altered so as to entitle the plaintiff to a deed without a performance of the agreement on his part to pay off and discharge the incumbrances. The other fact found in the portion of the decree quoted from does not purport to touch the provision in the original contract that the incumbrance should be paid by the vendee before he was entitled to a deed. The effect of these findings is this, and nothing more: that the vendor was willing, so far as he was concerned, that the time of payment should be extended to suit the wishes of the plaintiff in this respect. The vendor had no control over the time of payment, as that was fixed when the loan was made, and the period of credit had expired when the action was commenced to foreclose the mortgage given to secure the loan. The evidence given on this subject, and upon which the finding was based, was given by the plaintiff's wife, which indicates that the arrangement between the vendor and the vendee was that the balance of the purchase money should be paid at the convenience of the plaintiff. She says: "I remember the time when Ephraim Wheeler made the loan of Mr. Simons, of $1,600, upon the property occupied by my husband and myself, and the Cuddeback mortgages [meaning, prior mortgages] were paid. Remember the conversation between Ephraim

Wheeler and my husband in reference to the making of the $1,600 mortgage. Ephraim Wheeler said at that time it was reduced, that all they [Simons] wanted was the interest now, and we could have our leisure for the balance. That was spoken of frequently, during the time and afterwards. I remember father's saying after it was done, in substance, that, 'Now, you can pay your interest; all they want is their interest, and pay the balance at your leisure, —the principal.' I remember that being said, time and again, at the time and afterwards; frequently when they would meet in my presence, and while they lived there." The plaintiff testified in his own behalf as follows: "I remember the circumstance of the making of the mortgage by Ephraim Wheeler to James Simons, for $1,600. At the time the mortgage was made the Cuddeback mortgages were paid. I raised $517 of it myself, and the $1,600 raised by this Simons mortgage was used in paying the balance." The import of this evidence is that the loan was made with the consent of the plaintiff, and that his obligation to pay a sum equal to the loan, either to the vendor or to the lender, continued, and that to pay the same he could have all the time that was stipulated in the mortgage, and such further time as the mortgagee would be willing to give, to repay the loan, on paying the interest annually. This evidence would not justify the conclusion that the plaintiff was released from his personal obligation to pay the purchase money before he was entitled to a deed. In another case between the same parties, and now before this court on appeal, (*post*, 501,) and to be decided in connection with this case, and involving substantially the same state of facts, it was stated, among the facts found by the trial court, that the vendor did incur a personal responsibility in borrowing the money, and gave a bond wherein he promised to repay the same; and that it was agreed between the parties to this contract that the plaintiff might repay the same to Simons, the obligee and mortgagee, at such time as they might agree upon. It was conceded upon the argument that our decision in that case must necessarily follow the one which we make on this appeal, as the underlying questions of fact were the same; and it is therefore entirely proper to refer to the facts found in that case, with a view of determining whether the vendor incurred a personal liability in making the loan. It must therefore be held that the judgment is erroneous, and should be reversed, or so modified as to fully protect the rights of the defendant as the assignee and owner of the judgment, and as one of the heirs at law of the vendor. As to the 30-acre parcel, the plaintiff is entitled to a deed on paying up the decree.

Some other questions remain for examination. The purchase of the decree by the defendant was on the 4th day of August, 1886. The case states, as a fact, that thereafter, and on the 3d day of September, 1886, one John Shepard, on behalf of the plaintiff, tendered to the defendant the sum of $1,772, the amount due on the decree, and demanded on behalf of the plaintiff a transfer of the mortgage or decree to the said Shepard; and the defendant refused to accept the money, and transfer the mortgage, but said that he was ready and willing to accept the money, and satisfy the mortgage, and the plaintiff declined to pay up the decree without the same was assigned as demanded. The time this action was commenced is not specifically stated; but it is quite certain, from an inspection of the record, that it was before the defendant purchased the decree, as no reference is made to that circumstance, or to the tender either in the complaint or in the answer; but, in the other case, now on appeal, and to the record of which reference has been made, it distinctly appears that this action was commenced before the defendant purchased the decree. If a tender was made after the action was commenced, it did not have the effect of discharging the premises from the mortgage lien, as the same was not in full compliance with the provisions of the Code relative to making tender after action commenced. Sections 731–733. If, in fact, it was made before the action was commenced, then it was of no avail to the plaintiff for any

purpose whatever; for the reason that the tender was not unconditional. *Roosevelt* v. *Bank*, 45 Barb. 579; *Wood* v. *Hitchcock*, 20 Wend. 47; *Wilder* v. *Seelye*, 8 Barb. 408; *Bank* v. *De Grauw*, 23 Wend. 342; *Kortright* v. *Cady*, 21 N. Y. 343. Independent of the question of tender, the defendant had a right to exact payment and a discharge of the decree as a condition of vesting a title to the premises in the plaintiff. If it should become necessary to resort to a sale of the premises to secure payment of the decree, then the defendant, as one of the heirs at law and next of kin of the mortgagor, would be pecuniarily interested in having the full amount of the debt realized on the sale, so it would be unnecessary to resort to his father's personal estate for the purpose of discharging the liability assumed by him, to repay the debt secured by the mortgage; but as the learned counsel for the plaintiff has not contended that the tender was sufficient, and had the legal or equitable effect of displacing the mortgage lien upon the premises, we may pass the question without further consideration. But the learned counsel has argued that, by refusing to accept the money tendered, he waived the condition precedent, that that debt should be paid by the plaintiff before he was entitled to a deed. This proposition seems to us to be entirely untenable, in view of the express terms of the original contract, and the omission to make an unconditional offer to pay up the decree.

The trial court made a general finding that the plaintiff had performed the contract of sale in full on his part. If this finding is sustained by competent evidence, except as to the omission to pay the decree, then the decree may be modified so as to cure the error which we have pointed out, and fully protect the rights of the parties. The plaintiff did not pay directly to the deceased the sum of $65 annually, as stipulated in the contract to be paid, upon the performance of which he was entitled to a deed of the 13 acres, after the death of his father and mother; but the evidence tended to prove that the plaintiff paid a sum equal to that amount on debts owing by his father at his request, and in lieu of the sum stipulated to be paid annually. Upon the issue whether the plaintiff had fully performed his contract to support his father and mother, he was examined as a witness in his own behalf, and testified, in substance, that he did supply them with provisions and clothing and everything they needed up to the time of their death, and furnished them with everything they called for or needed. This evidence was objected to by the defendant on the ground that the plaintiff was an incompetent witness to testify on that subject under section 829 of the Code of Civil Procedure, and the same was overruled, and the defendant excepted. We think the plaintiff was an incompetent witness on that issue; but we are also of the opinion, in view of the nature of the covenant for support and maintenance, that it was for the defendant to show, in an action between these parties for the enforcement of a contract by the defendant, as one of the heirs at law of the deceased vendor, that the covenant had not been kept; and until the contrary was made to appear it is a fair legal presumption that the same had been performed to the satisfaction of the persons entitled to their support from the plaintiff There is not the least hint in all the case that the plaintiff did not properly care for his father and mother, as it was not necessary for the plaintiff to make any proof on that subject. The reception of his evidence, although erroneous, does not present a sufficient ground for reversing the judgment. The trial judge has not found, nor was he requested to find, that the plaintiff agreed, in any subsequent arrangement between himself and his father, to pay the debts which his father owed the defendant, and which had passed into a judgment. We have carefully examined all the evidence, and are clearly of the opinion that it is insufficient to support such a conclusion. The former suit between these parties does not constitute a bar to granting relief in this action, for the reason, by the stipulation made on this trial, the judgment in the former action was to be treated as a judgment of nonsuit only. The judgment should be

modified; providing that in case the plaintiff, within 40 days after the entry of the order modifying the judgment, shall pay the balance due on the decree, then the defendant shall execute and deliver a deed of the premises, and if the plaintiff neglect to make such payment, that the complaint be dismissed, with costs, and the costs of this appeal to the appellant; and the defendant be at liberty to proceed on the decree to sell the premises, and all the moneys realized on such sale, over and above the sums hereby directed to be paid to the defendant, and the costs of such sale, be paid to the plaintiff. All concur.