CHARLES WERNER, SOLOMON WERNER AND JULIUS WERNER, RESPONDENTS, *v.* MINNA G. TUCH AND MORRIS TUCH, APPELLANTS, IMPLEADED WITH OTHERS.

*Agreement for a release of part of mortgaged premises — not enforceable after a default in the payment of interest — tender — insufficient when coupled with · a demand · for a release of part of the mortgaged premises — when the tender must be kept good.*

In an action brought to foreclose a mortgage, given April 9, 1881, by the defendants . Minna G. and Morris Tuch to the plaintiffs to secure the payment of $5,260 and interest, it appeared that the mortgaged premises consisted of a house and lot situated at Blossburg, in the State of Pennsylvania, and certain other premises situated in the city of Elmira, New York, the latter constituting three separate . and distinct lots. The mortgage provided for the payment of the principal May 1, 1891, and also contained an interest clause providing that if default . should be made in the payment of the interest, and it should remain unpaid for · sixty days, the whole principal sum, and the interest thereby secured to be paid, should, at the option of the plaintiffs, immediately become due and payable.

It also contained an agreement for the release of the mortgaged premises in parcels, if sold by the mortgagors, on payment of a part of the said principal sum, as follows: The lot in Pennsylvania on payment of $2,500; the most easterly of the . Elmira lots on payment of $1,750; the most westerly of the Elmira lots, and the lot between the two, on payment of $850 on the sale of each lot.

The interest falling due on May 1, 1887, not having been paid at the end of sixty days, the plaintiffs elected to regard the whole amount of principal and interest . secured to be paid by the said bond and mortgage as due, and commenced this . action to enforce the collection thereof by a foreclosure and a sale of the premises described in the said mortgage, excepting one lot which had been released on the payment of $850.

After this action of foreclosure was commenced the defendants Tuch sold the other two lots in Elmira to their daughter and tendered to the plaintiffs the sums of $1,750 and $850, and $185 for the interest and costs, and demanded that the plaintiffs should execute releases for said lots, which the plaintiffs refused to do.

*Held,* that the right to obtain a release of a part of the mortgaged premises, on the payment of a part of the sum secured to be paid by the mortgage, did not survive the defendants' default in payment of the mortgage debt and interest as it became due.

That, to extinguish the respondents' mortgage lien, it was necessary to have tendered the whole amount that was due upon the said bond and mortgage.

That the fact that the tender, as proved, was coupled with an express demand for a release of part of the mortgaged premises before the money would be paid, rendered the tender insufficient to discharge the plaintiff's mortgage.

The appellants, by their answer, sought an affirmative judgment releasing such premises from the lien of the said mortgage.

*Held,* that they could not obtain such a judgment without keeping their tender good, which was not done in this case.

*Kortright* v. *Cady* (21 N. Y., 343) distinguished.

APPEAL by the defendants Minna G. Tuch and Morris Tuch from a judgment, entered in the clerk's office of the county of Chemung on the 2d day of June, 1888, upon the trial of the action at the Oneida Special Term by the court without a jury.

*Frederick Collin,* for the appellants.

*A. J. Simpson,* for the respondents.

MARTIN, J. :

This action was commenced July 6, 1887, to foreclose a mortgage given April 9, 1881, by the defendants, Minna G. and Morris Tuch, to the plaintiffs to secure the payment of the sum of $5,260 and interest.   The premises mortgaged consisted of a house and lot situate in Blossburg, Pa., and certain other premises situate in the city of Elmira, N. Y.   That portion of the premises situate in the city of Elmira was treated by the parties as consisting of three separate or distinct lots.   The principal sum secured by said mortgage was to be paid on the 1st day of May, 1891, with semi-annual interest at five per cent.   The mortgage also contained an interest clause by which, if default should be made in the payment of the interest, and it should remain unpaid for sixty days, the whole principal and interest should, at the option of the plaintiffs, immediately become due and payable.   It also contained a condition or agreement for the release of part of the mortgaged premises, if sold by the mortgagors, on payment of a part of said principal sum, as follows : The Blossburg house and lot on payment of $2,500 ; the most easterly of the Elmira lots on payment of $1,750 ; the most westerly of said lots on payment of $850 ; and the lot lying between the other two on payment of $850 ; the mortgagors to have the privilege of paying off any part of the principal sum during the term, provided they should not be otherwise in default.

On June 11, 1881, upon payment to them of $850 of the principal sum secured by said mortgage, the plaintiffs released to the defendants Tuch the most westerly of the lots situated in Elmira.   The interest which became due on said mortgage prior to May 1, 1887,

was all paid, but the interest which became due on that day was not paid. At the end of sixty days the plaintiffs elected to regard the whole amount secured by said bond and mortgage as due, and commenced this action to enforce the collection thereof by a foreclosure and sale of the property described in said mortgage that had not been released, and which was situate in the city of Elmira. Several months after this action was commenced and at issue, and subsequent to the filing of the notice of *lis pendens* herein, the defendants Tuch sold these two lots to their daughter, and then tendered to the plaintiffs the sum of $1,750 and $850, and the further sum of $185 for interest and costs, and demanded that the said plaintiffs should execute two releases, one of each of said lots. The plaintiffs refused to accept the amount tendered and execute such releases, and claimed that there was due and unpaid on said mortgage, of principal, $4,410, besides interest and costs. This tender was not kept good, nor was the money brought into court. There was due and unpaid on said mortgage debts $4,410, besides interest and costs.

The only issue tried was that raised by the defendants' supplemental answer, in which it was alleged that the defendants Tuch had sold these two lots to their daughter; that they tendered to the plaintiffs the sums of $1,750 and $850, and demanded a release of said lots, which was refused, and they asked for a judgment that said premises be released from the lien of said mortgage. The court, at Special Term, held that the alleged tender was insufficient and ineffectual to discharge and extinguish the lien of the plaintiffs' mortgage on the premises; that the defendants Tuch were not entitled to a release of the premises from the lien of such mortgage; and that the plaintiffs were entitled to a judgment for a foreclosure and sale of said premises. The correctness of this decision presents the only question raised on this appeal. The appellants challenge its correctness, and insist that their alleged tender to the plaintiffs totally extinguished their lien upon the premises in question, and hence the plaintiffs were not entitled to the judgment awarded them, and cite *Kortright* v. *Cady* (21 N. Y., 343), and kindred cases, to support their claim. The cases cited are to the effect that a tender of the money due upon a mortgage at any time before foreclosure discharges the lien, though made after law day and not kept good, and though the money is not brought into court. If, therefore, the

facts in this case bring it within the principle of those cases, it must follow that the judgment in this case is wrong and should be reversed.

But we think the case at bar clearly distinguishable from the cases cited and relied upon by the appellants. It will be observed that by the terms of the mortgage the whole amount of the mortgage debt had become due, and that the only premises affected by this action were the premises which the appellants sought to have released from the lien of the mortgage upon an alleged tender of only a part of the amount thus due. We are of the opinion that the appellants' right to a release of a part of the mortgaged premises on payment of a part of the mortgage debt did not survive their default to pay the mortgage debt and interest as it became due. The provision giving the mortgagors the right to a release of a part of the mortgaged premises, when read in connection with the other provisions of the bond and mortgage, shows quite clearly that it was the intent of the parties that the mortgagors should have such right only so long as they should not be in default in complying with the provisions of the contract to be kept and performed by them, and hence we think that the appellants were not in a position to enforce a release of a part of the mortgaged premises upon the tender of the amount for which such releases were to be given. (*Pierce* v. *Kneeland*, 16 Wis. 672.)

To have extinguished the respondents' mortgage lien it was necessary to have tendered the whole amount that was due upon said bond and mortgage. (*Graham* v. *Linden*, 50 N. Y., 547, 550.) The tender as proved was coupled with an express demand for a release of the mortgage before the money would be paid, which rendered the tender insufficient to discharge the respondents' mortgage. (*Jewett* v. *Earle*, 21 J. & S., 340 ; *Roosevelt* v. *Bull's Head Bank*, 45 Barb., 579 ; *Frost* v. *Yonkers Savings Bank*, 70 N. Y., 553 ; *Day* v. *Strong*, 29 Hun, 505 ; *Wheeler* v. *Wheeler*, 18 N. Y. State Rep., 446.) The appellants by their answer sought an affirmative judgment releasing said premises from the lien of said mortgage. This they could not obtain without keeping their tender good. (*Tuthill* v. *Morris*, 81 N. Y., 94 ; *Breunich* v. *Weselman*, 100 id., 609.)

We are of the opinion that the appellants' alleged tender did not

extinguish the respondents' mortgage lien upon the premises in question, and that the court properly held that the respondents were entitled to a judgment of foreclosure and sale.

The judgment is affirmed, with costs.

HARDIN, P. J., concurred; MERWIN, J., concurred in result.

Judgment affirmed, with costs.