## TILLMAN v. RAYNER.

(Supreme Court, Appellate Division, Third Department. March 11, 1908.)

1. WITNESSES—COMPETENCY—TESTIMONY OF PARTIES AGAINST DECEDENT.

In an action on an account stated between plaintiff and defendant's testator which showed a balance due from testator, defendant introduced in evidence a receipt purporting to have been signed by plaintiff. A check of the same date to plaintiff's order of the amount of the receipt reciting in the body thereof "settlement of ac. stated" and signed by testator was also introduced in evidence. The check had not been paid in the ordinary manner through the bank, but after testator's death was found among his possessions with an indorsement purporting to be that of plaintiff, and the main controversy on the trial was as to whether the check had been paid. *Held*, that evidence by plaintiff that he had never received any money on the check was incompetent under Code Civ. Proc. § 829, as relating to a transaction with a decedent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 681.]

2. SAME.

A witness testified that testator handed the check to plaintiff at the time of settlement, and that plaintiff took it away with him. *Held*, that evidence by plaintiff that he had never seen the check until a specified date, which was after testator's death, was incompetent under Code Civ. Proc. § 829.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 689–692.]

Appeal from Judgment on Report of Referee.

Action by Martin Tillman against Willis A. Rayner, as executor of the will of Andrew E. Rayner, deceased. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Richard H. Thurston, for appellant.
Frank A. Bell, for respondent.

COCHRANE, J. The learned referee has found that on June 10, 1902, the plaintiff and the defendant's testator stated an account between themselves which showed a balance of $721.27 due from said testator to the plaintiff. This finding is not criticised.

Defendant introduced in evidence a receipt dated on said 10th day of June, 1902, for the sum of $600 in full settlement of the above-mentioned stated account which receipt purported to have been signed

by the plaintiff. A check of the same date on the First National Bank of Waverly to the order of plaintiff for $600 reciting in the body thereof "settlement of ac. stated" and signed by the testator was also introduced in evidence. Evidence was given tending to show that the receipt was given in acknowledgment of the check, and that the latter was delivered by the testator to the plaintiff at the time said account was stated. The check was not paid in the ordinary manner through the bank, but after the testator's death it was found among his possessions by the executor with an indorsement purporting to be that of the plaintiff, and there was evidence that such indorsement was genuine. Plaintiff disputed the delivery, indorsement and payment of the check, and also the said receipt. The referee made no finding as to the delivery of the check, but on the question of payment thereof found adversely to the defendant.

The main controversy on the trial was as to whether or not the check had been paid. Plaintiff, as a witness in his own behalf, testified that he had never received any money on the check. Such testimony was duly objected to on the ground that it was inadmissible under section 829 of the Code of Civil Procedure, and to the ruling of the court admitting it an exception was taken. This testimony concerned a personal transaction with the deceased and bearing comprehensively and pertinently as it did on the vital issue in controversy, its presence in the case is fatal to the judgment. Howell v. Van Siclen, 6 Hun, 115, affirmed 70 N. Y. 595; Brayman v. Stephens, 79 Hun, 28, 29 N. Y. Supp. 526; Haughey v. Wright, 12 Hun, 179.

Plaintiff also testified over an appropriate exception that he had never seen the check until a specified date which was after the testator's death. The force of this testimony lay in its tendency to establish not only nonpayment, but also nondelivery of the check. A witness had testified that the testator handed the check to the plaintiff at the time of the settlement of the account, and that the plaintiff took it away with him. Plaintiff could not very well more effectively or forcibly deny the transaction with the deceased than by giving this testimony now under consideration. It clearly concerned a personal transaction with the deceased.

The judgment must be reversed, the referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur.